IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 1:07-mj-01152-BNB

IN RE:      Extradition of
            JASON WAYDE HUDOCK

_____

**FINDINGS OF FACT, CONCLUSIONS OF LAW,
CERTIFICATION OF EXTRADITION AND ORDER OF COMMITMENT**
_____

Having reviewed and after consideration of the Complaint any and all evidence and argument at the hearing in the above-entitled case, the Court hereby enters the following Findings of Fact and Conclusions of Law in this matter; and, hereby CERTIFIES to the United States Secretary of State that the defendant can be extradited back to Australia.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The certified information provided by the Department of State and the Australian government meets the elements for of extraditability.

1. <u>Authority of Court</u>. The district courts are clearly conferred with power and authority to determine extraditability. Magistrate judges may also make the determination, if permitted by a rule of the district court. The Court specifically finds that D.C.COLO.LCrR 57.1(b)(8) authorizes this determination in this case.

2. <u>Jurisdiction</u>. The Court finds and concludes that it has jurisdiction over the subject matter, resulting from a federal question posed by the statute. 18 U.S.C. § 3184. The Court also has personal jurisdiction over the fugitive, because he was found in the United States, and more particularly, within the State and District of Colorado.

    3.    <u>Treaty in Full Force and Effect</u>.  The Court finds and concludes that the Declaration of David O. Buchholz (attached to the Complaint) – an attorney with the Department of State – verifies that the extradition treaty between Australia and the United States is in full force and effect. (Declaration of David O. Buchholz, at ¶¶ 2&3).

    4.    <u>Charges and/or Convictions in Requesting State</u>.  According to the Australian government, the fugitive has been charged with Wilful Murder in violation of Section 278 of the Australian Criminal Code.  The official records of the fugitive's charges for this crime are attached as part of the certified Request for Extradition from Australia, which Request is attached to the Complaint.  After full and careful review, the Court finds that there is sufficient probable cause set forth in the aforementioned materiels supporting the defendant's extradition; and all of the materials meet the certifications required by the Treaty for consideration by the Court.

    5.    <u>Crimes Covered by Treaty</u>.

The *Protocol Amending the Treaty on Extradition Between the United States of America and Australia* (on May 14, 1974) replaces the article of the original treaty that enumerated the various offenses for which extradition could be had.  Instead, the *Protocol* makes an offense extraditable if it is a crime "punishable under the laws in both Contracting Parties by deprivation of liberty of more than one year, or by a more severe penalty." *Protocol*, Article 1 (attached to the Declaration David O. Buchholz, also attached to Complaint).  In other words, the Treaty requires a determination of dual criminality.  Under Sections 278 and 282 of the Australian Criminal Code, the crime of Wilful Murder is punishable by a maximum term of imprisonment life.  Under Title 18, United States Code, Section 1111, the crime of Murder in the United States is punishable by up to life imprisonment.  Therefore, Murder is an extraditable offense under a dual-

criminality analysis.

The Court finds and concludes that the crime of the extradition request is covered by the Treaty.

6. <u>Identity of the Fugitive</u>.

The Court finds that the materials provided in the Complaint – including the description, photograph and fingerprints of the requested fugitive – match the defendant. The Court also finds that additional evidence presented, including testimony about a positive fingerprint match with the defendant and a 1995 passport application with the defendant's photo and an address matching that in the certified Request for Extradition from Australia, further supports the finding that the requested fugitive is the defendant.

Having made these findings and conclusions, this Court hereby CERTIFIES to the United States Secretary of State, together with a copy of all testimony taken before this Court, in order that a warrant may issue upon the requisition of the proper authorities of Australia for the surrender of said  that the defendant, Jason Wayde Hudock, a/k/a Jason Wayne Hudock, according to the provisions of the Treaties between the United States of America and Australia. It is further

ORDERED that Jason Wayde Hudock, a/k/a Jason Wayne Hudock, is committed to the custody of the United States Marshal, or his authorized representative, to be confined to appropriate facilities and to remain until he is surrendered to Australia pursuant to applicable provisions of Treaty and law.  It is further

ORDERED that the attorney for the United States shall obtain transcripts of all testimony presented before the Court and shall deliver forthwith the said transcripts of testimony to the

Clerk.  The Clerk shall forward to the Secretary of State a copy of this Certification and Order together with transcripts of testimony and copies of documents received as evidence.

DATED at Denver, Colorado, this 9th day of August, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge